Lorinda Meier Youngcourt
Trial Attorney, IN 14411-49, WA 50998
Federal Defenders of Eastern WA & ID
10 North Post, Suite 700 | Spokane, WA 99201
(509) 624-7606 | Lorinda_Youngcourt@fd.org
Counsel for Jesse Antonio Soto

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Roseanna Malouf Peterson

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:22-CR-36-RMP-1 |
| v. | **REPLY BRIEF** |
| JESSE ANTONIO SOTO, | Suppression Hearing<br>Friday, June 16, 2023 @ 10:00 a.m. |
| Defendant. | |

JESSE ANTONIO SOTO, by counsel Lorinda Meier Youngcourt of the Federal Defenders of Eastern Washington and Idaho, files his reply to the United States' Response to Defendant's Motions to Suppress, ECF No. 54. In his motion, Mr. Soto argues the search of his fanny pack was illegal and any evidence discovered must be suppressed. While officers likely had authority for a *Terry* stop and frisk, the search of his fanny pack - after it was removed from his person and left on the hood of a police vehicle for over 45 minutes - was illegal without a warrant. The

REPLY BRIEF - 1

government argues the search was legal as it was conducted incident to Mr. Soto's arrest for being a passenger in a stolen vehicle or alternatively, if the search was illegal, the evidence would have inevitably been discovered by jail staff during the booking process.[1]

### I. Officers lacked probable cause to arrest Mr. Soto

The government cites three cases in which passengers were arrested crossing the Mexican border in a car containing drugs as support for its assertion that police had probable cause to arrest Mr. Soto for possession of the stolen Audi. The government overlooks critical differences between a passenger in a car full of drugs entering the United States from Mexico at a border crossing and a passenger in a stolen car at a gas station.

In *United States v. Buckner*, 179 F.3d 834 (9th Cir. 1999), border patrol agents searched a car crossing from Mexico to the United States and discovered 37 pounds of marijuana. After her arrest, the passenger made incriminating statements which she moved to suppress prior to trial arguing her arrest was unlawful. The Court held probable cause existed to arrest the passenger noting "in drug investigations, the court may consider the experience and expertise" of "a trained narcotics officer" who would "perceive meaning from conduct which would otherwise seem innocent to the

---

[1] Mr. Soto has chosen to address the primary issue of search incident to arrest. He intends no waiver of other issues raised in his lead brief and reserves the right to address all legal issues and facts during the hearing.

REPLY BRIEF - 2

untrained observer." *Id.* at 837. The Court noted "that agents relied on their experience that drug traffickers often travel with a companion in order to deflect suspicion." *Id.* at n.3.

*Buckner* uses the citation "see" to *Bettis v. United States*, 408 F.2d 563, 567 (9th Cir. 1969), following the statement, "it ***may*** be the case that the facts supporting an arrest in a drug smuggling case will not be enough to convict a passenger." *Buckner*, 179 F.3d at 839 (emphasis added). *Bettis* actually holds merely being seated in the car when stopped at the border crossing, helping to unload the trunk, and looking at officers when foil-wrapped packages were discovered is not adequate to find the passenger guilty beyond a reasonable doubt. *Bettis*, 408 F.2d at 567. The *Bettis* court wrote, "This ***might*** be sufficient as a basis for making an arrest of him at the scene as a probable party to the importation. It would not, however, be sufficient as a basis to convict him of having been in fact a party to the importation." *Id.* (emphasis added).

In *United States v. Heiden*, 508 F.2d 898 (9th Cir. 1974), a car was searched as it entered the United States from Mexico at a border check point when it appeared to be riding low (like it was carrying extra weight) and smelled of marijuana. Border Patrol agents found 110 pounds of marijuana in the trunk. Both the driver and passenger were arrested and a key to the trunk was found in the passenger's sock. *Id.* at 901–902.

The cases cited by the government – all of which are more than 20 years old – address what "may" or "might" establish probable cause to arrest a passenger in a car

REPLY BRIEF - 3

1 crossing from Mexico to the United States in a car loaded with illegal drugs. Riding in

2 a car from Mexico into the United States is significantly different than catching a ride

3 from the casino to a gas station to buy a canned drink. Transportation of illegal drugs

4 and undocumented persons across the border is common and the check points are set

5 up for the purpose of detecting smugglers. There is no evidence the gas station where

6 the Audi was stopped was in an area known for stolen cars. While a passenger is

7 common subterfuge for smuggling at the border, the same is not true possessing a

8 stolen vehicle.

> Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested. *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964). Alternatively, this court has defined probable cause as follows: when "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, "[m]ere suspicion, common rumor, or even strong reason to suspect are not enough." *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984) (citing *Henry v. United States*, 361 U.S. 98, 101 (1959)).

*United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (parallel citations omitted).

When law enforcement contacted Mr. Soto, they were investigating a stolen vehicle.

Officers watched the driver of the vehicle run away while Mr. Soto sat in the

passenger seat without keys to the vehicle. Regardless of what Mr. Soto said about

where Rex had driven him from or why they did not stop at a closer gas station, it was

REPLY BRIEF - 4

obvious to officers he had neither dominion nor control over the car. While officers may have had a "mere suspicion" or "even strong reason to suspect" Mr. Soto knew the car was stolen, it did not rise to the level of probable cause to arrest him.

It is evident officers knew they lacked probable cause to arrest Mr. Soto for possessing the Audi. Sgt. Bernaiche suggested they "call DOC to try and get a detainer on Soto for violating his conditions" and it was only "after several unsuccessful attempts, [Officer Ruiz] decided to place Soto in ***custody*** for possession of a stolen vehicle." ECF No. 41-1, p. 4 (Exhibit A-4) (emphasis added). Officer Ruiz never relayed Mr. Soto's arrest for possessing the stolen vehicle to dispatch. Rather at 1:47 a.m. he reports "gun found in Sotos fanny pack on his person, working on getting detainer." ECF No. 41-3, p. 2 (Exhibit C-2).

Without probable cause to arrest Mr. Soto for possession of the stolen vehicle, officers had no authority to search the pack. The Washington Department of Corrections ultimately issued an order for Mr. Soto's arrest and detention. It was faxed at 2:19 a.m., ***after*** Officer Ruiz and Sgt. Bernaiche searched Mr. Soto's pack. The DOC order lists "deadly weapons use/possession on 12/26/2021" as the violation and basis for the arrest and detention. ECF No. 41-5 (Exhibit F). The DOC detainer does nothing to justify the search of Mr. Soto's pack.

REPLY BRIEF - 5

## II.    Conclusion

For the reasons set out the Motion to Suppression, ECF No. 41, and those stated above, Mr. Soto prays with Court will find officers lacked probable cause to arrest him for possession of a stolen vehicle.  The government's only legal basis for the warrantless search of his pack is "incident to a lawful arrest."  Since the arrest was illegal, the search was also illegal and all evidence resulting from the search must be suppressed.

Dated:  June 9, 2023

>  */s/ Lorinda Meier Youngcourt*
>  Lorinda Meier Youngcourt

### Certificate of Service

I certify that on June 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorney Patrick Cashman.

>  */s/ Lorinda Meier Youngcourt*
>  Lorinda Meier Youngcourt

REPLY BRIEF - 6